UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-MJ-02694-LOUIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RICHARD KUKLINSKI,

    Defendant.
_____/

**DETENTION ORDER**

On May 9, 2019, the Court held a hearing pursuant to Title 18 U.S.C. § 3142(f) in the above-entitled case to determine whether Defendant RICHARD KUKLINSKI should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Therefore, it is hereby **ORDERED** that Defendant RICHARD KUKLINSKI be detained prior to trial and until the conclusion thereof.

## I. *Nature and Circumstances of the Offense*

Defendant was charged with a criminal complaint for the attempted knowing transfer of obscene material to another individual who has not attained the age of sixteen years of age in violation of 18 U.S.C. § 1470. Based upon this charge, Defendant is eligible for pretrial detention.

## II. *Weight of the Evidence*

The weight of the evidence against Defendant is sufficient to establish probable cause and to support pretrial detention in this case. On December 14, 2018, a law enforcement officer, acting in an undercover capacity ("UC"), conducted an online child exploitation investigation using an undercover meetme.com ("meetme") profile. The profile purported to depict a 14-year-old female. At approximately 1:45 p.m., a subject using meetme username "Rich," who was later identified as Defendant, initiated a private ("PM") session with the UC. Defendant began the conversation with statements that he wanted to kiss the UC and perform oral sex.

On December 15, 2018, Defendant and the UC exchanged cell phone numbers and Defendant requested that the UC send a picture of herself.[1] The UC sent a picture of her face and Defendant asked if the UC had a boyfriend, and if he could be her boyfriend. Defendant then requested shower pictures of the UC and asked where she lived. Defendant states that he travels frequently to West Palm Beach and that he would show the UC how oral sex is performed. The UC responded that she is a virgin and Defendant stated that he would be gentle. On December 17, 2018, Defendant discussed masturbation and told the UC that he was thirty-six years old. Defendant subsequently transmitted a video of himself masturbating on April 22, 2019 and requested that the UC delete them after viewing.

---

[1] The photograph transmitted was an actual photograph of the UC. The UC is a white female law enforcement officer, approximately 26 years old, with youthful facial and physical features.

In addition to the text messaging communications, the UC recorded telephone calls with Defendant between December 2018 and February 2019.  During one phone call on January 17, 2019, Defendant stated that he had just arrived at his residence and sent the UC several pictures and videos.  Law enforcement queried the address of Defendant's property with the Miami Dade property appraisers and located a record identifying Defendant and another individual as owners of the property.  Law enforcement later determined that the other individual was deceased, making Defendant the sole owner of the property.  Law enforcement then queried the Florida Department of Highway Safety and Motor Vehicles Driver license database and the photos matched the meetme profile photo of Defendant.

On April 30, 2019, law enforcement obtained a search warrant and executed it the following day.  During a search of the residence, law enforcement seized multiple pieces of electronic media, including cellphones in Defendant's bedroom.  Defendant later admitted on the same day that he used the meetme application and sent text messages to the UC.  Defendant stated that the UC identified herself as a fourteen-year-old female and that he sent the UC multiple photos and videos of his penis via text message.  Defendant also admitted that he believed the UC was fourteen years of age when he transmitted the images and videos.

### III. *Defendant's History and Characteristics*

The pertinent history and characteristics of Defendant also support pretrial detention.  According to the Pretrial Services Report, Defendant was born on August 10, 1982 in Homestead, Florida.  Defendant does not have a United States passport

and has never travelled outside of the United States. Defendant has resided at a Homestead address since 2016 with his brother and a roommate.

Defendant's mother is deceased, and his father resides in New York. Defendant has two half-siblings, both of whom reside in Dade County. Defendant has never been married nor fathered any children. He attended South Dade Senior High School through the ninth grade and alter obtained a GED in 2001. Defendant has been employed with Florida Property Care since December 2018 and earned approximately $450 to $500 weekly. Prior to this job, Defendant was employed cleaning industrial stove-tops at restaurants in Homestead. Defendant is in good physical health with no medical problems reported. Defendant has no history of mental health treatment, substance abuse history, or substance abuse treatment.

We find, based on clear and convincing evidence, that Defendant would pose a danger to the community if released. The nature of the charge involving a minor and several attempts to meet with a fourteen-year-old girl poses a danger to the community. As such, there are no conditions or combination of conditions that may reasonably assure the safety of any other person and the community, making detention appropriate. *See* 18 U.S.C. § 3142(e).

### *IV.   Conclusion*

Pursuant to these findings, the Court hereby directs that:

a.   Defendant be detained without bond;

b.   Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

c.   Defendant be afforded reasonable opportunity for private consultation with counsel;

d.   On order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined, shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**DONE AND ORDERED** at Miami, Florida this 13th day of May, 2019.


/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

Copies to:
Counsel of Record
Pretrial Services (Miami)